**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | | |
|---|---|---|
| Pattie C. Estridge, | ) | Civil Action No. 1:19-cv-01247-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Andrew M. Saul, *Commissioner of* | ) | |
| *Social Security Administration*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") issued on May 18, 2020. (ECF No. 22.) The Report addresses Plaintiff Pattie Estridge's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act ("the Act"), 42 U.S.C. § 405(g), and recommends that the court reverse the decision of the Commissioner of Social Security Administration ("the Commissioner") and remand the matter for further proceedings. (*Id.* at 1.) For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 22), **REVERSES** the decision of the Commissioner, and **REMANDS** this action for further administrative proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which the court incorporates herein without a full recitation. (ECF No. 22 at 2–48.) On April 26, 2018, the Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled for purposes of the Act and denied Plaintiff's claims for DIB and SSI. (*Id.* at 2 (citing ECF No. 10-2 at 63-108).) Although the ALJ found that Plaintiff possessed severe impairments which included, "rheumatoid arthritis (RA),

1

antiphospholipid syndrome (APS) with left arm thrombosis, osteoarthritis, hypertension, cervical disc bulges, status post anterior cervical discectomy and fusion (ACDF), lumbar disc disease, hyperlipidemia, chronic obstructive pulmonary disease (COPD), osteopenia, obesity, anxiety disorder . . . and depression[,]" the ALJ concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1[.]" (ECF No. 22 at 43 (citing ECF No. 10-2 at 36-41).) Additionally, the ALJ found that Plaintiff "[had] the residual functional capacity to perform light work [with frequent bilateral overhead reaching], avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation [and] . . . quota-based production tasks." (*Id.*) Furthermore, the ALJ found that the claimant "[was] capable of performing past relevant work as an insurance clerk," which was not precluded by her residual functional capacity ("RFC"). (*Id.* at 43-44 (citing ECF No. 10-2 at 36-41).) In light of the foregoing, the ALJ found that Plaintiff was not disabled under the Act. (*Id.*)

Plaintiff filed a Complaint seeking judicial review of her DIB and SSI application on April 30, 2019. (ECF No. 1.) Specifically, Plaintiff claimed that the Commissioner erred in reaching the decision because (1) "the ALJ failed to properly consider the opinion evidence"; and (2) "the ALJ improperly assessed Plaintiff's RFC." (No. 22 at 44.) On May 29, 2020, the Magistrate Judge issued a Report recommending that this court reverse and remand the case for further administrative proceedings because "the court [could] not determine that the Commissioner's decision [was] supported by substantial evidence." (*Id.* at 64.) The parties were apprised of their opportunity to file specific objections to the Report and that specific objections to the Report were due by June 1, 2020. (*Id.*) In a Reply filed on May 29, 2020, the Commissioner explained that he "does not intend to file objections to the Magistrate Judge's [Report]." (ECF No. 23 at 1.)

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making de novo determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

In regard to Plaintiff's assertion that the ALJ failed to properly consider the opinion evidence, the Magistrate Judge recommended, using the "treating physician rule," that the court find the ALJ's decision was not supported by substantial evidence. (*Id.* at 51, 58.) The Magistrate Judge noted that typically, "[t]reating physicians are given 'more weight . . . [because] these

sources are likely to be the medical professionals most able to provide a detailed longitudinal picture of the claimant's medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone[.]'" (*Id.* at 51 (citing *Lewis v. Berryhill*, 858 F.3d 858, 867 (4th Cir. 2017) (citation omitted).) However, "[a]n ALJ may decline to give controlling weight to a claimant's treating physician's opinion if he finds it is not well supported by medically-acceptable diagnostic techniques or is inconsistent with the other substantial evidence of the record." (*Id.* (citing S.S.R. 96-2p, 1996 WL 374188, at *2 (1996)).) Additionally, "unless the ALJ issues a fully favorable decision, his decision 'must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record' and must be 'sufficiently specific to make clear' to the court 'the weight [he] gave to the . . opinion and the reason for that weight.'" (*Id.* (citing S.S.R. 96-2p, 1996 WL 374188, at *5 (1996)).) Moreover, the Magistrate Judge noted that the "[ALJ] . . . failed to assess whether [the treating physician's, Dr. Wilberding,] opinion was supported by the x-rays and blood work she ordered and reviewed throughout the record." (ECF No. 22 at 54.) Additionally, the Magistrate Judge found that "the ALJ erred in dismissing [the treating physician's] opinion with no more than a conclusory statement that there was no evidence the cane was prescribed or medically necessary." (*Id.* at 56.). Ultimately, the Magistrate Judge concluded that:

> The ALJ cited insufficient evidence to support a finding that [the treating physician's] opinion was not well supported by medically-acceptable diagnostic techniques or was inconsistent with the other substantial evidence of record. His decision also fail[ed] to reflect thorough consideration of the relevant factors in 20 C.F.R. §§ 404.1527(c) and 416.927(c), as required to support the allocation of partial weight to the treating physician's opinion.

(*Id.* at 58.)

Regarding the ALJ's assessment of Plaintiff's RFC, the Report provides: "the undersigned cannot find the ALJ evaluated all the relevant evidence and assessed Plaintiff's ability to perform

all relevant functions in accordance with the regulations." (*Id.* at 64.) The Magistrate Judge also noted that "[t]he ALJ did not explain how the evidence supported a finding that Plaintiff could meet the standing, walking, and lifting requirements of light work." and "the ALJ ignored objective signs in other examination notes that were consistent with impaired ability to handle, finger and feel." (*Id.* at 62–63 (citation omitted).) As such, the Magistrate Judge concluded that "[b]ecause the court is left to guess as to the reasons supporting the RFC assessment, the undersigned recommends the case be remanded." (*Id.* at 64.)

In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby*, 718 F.2d at 199. Furthermore, a failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. *See* 28 U.S.C. § 636(b)(1). The court finds that the Magistrate Judge's Report accurately summarizes the law and correctly applies it to the instant case and finds that there is no clear error in the Report. *See Diamond*, 416 F.3d at 315.

## IV. CONCLUSION

After a thorough review of the evidence and the record, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 22), **REVERSES** the decision of the Commissioner, and **REMANDS** this action for further administrative proceedings regarding the issues discussed in this order.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 18, 2020
Columbia, South Carolina

5