**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | | |
|---|---|---|
| Pattie C. Estridge, | ) | Civil Action No. 1:19-cv-01247-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Andrew M. Saul, | ) | |
| Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Plaintiff Pattie Estridge's ("Plaintiff") Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 27.) Plaintiff's counsel ("Counsel") seeks an award of attorney's fees in the amount of $3,694.34. (*Id.* at 1.) Defendant filed a response and does not oppose an award of $3,694.34 in attorney's fees. (ECF No. 28 at 1.)

The EAJA provides that a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d). A district court is accorded "substantial discretion in fixing the amount of an EAJA award" but is charged with the duty to ensure that the final award is reasonable. *Hyatt v. Barnhart*, 315 F.3d 239, 254 (4th Cir. 2002) (citing *INS v. Jean*, 496 U.S. 154, 163 (1990)).

A plaintiff who obtains judgment and remand pursuant to sentence four of 42 U.S.C. § 405(g) is a prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). Since the court reversed and remanded Plaintiff's case to the Commissioner for administrative action pursuant to § 405(g), Plaintiff is the prevailing party in this action. (*See* ECF No. 25.)

After reviewing Plaintiff's Motion (ECF No. 27), Counsel's Affidavit (ECF No. 27-2), Counsel's Time Sheet (ECF No. 27-4), and Defendant's Response (ECF No. 28), the court finds that Counsel's request for attorney's fees is reasonable. Counsel successfully represented Plaintiff before the court, there is no

1

evidence of substandard attorney services, and the amount of the award is not extraordinarily large in comparison to the amount of time Counsel spent on the case. (*See* ECF No. 27-2.)

In accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), EAJA fees awarded by this court belong to the litigant and are subject to the Treasury Offset Program, 31 U.S.C. § 3716 (2006). Therefore, the court directs that the fees be payable to Plaintiff and delivered to Counsel. The amount of attorney's fees payable to Counsel will be the balance of attorney's fees remaining after subtracting the amount of Plaintiff's outstanding federal debt. *See* 31 U.S.C. § 3716. If Plaintiff's outstanding federal debt exceeds the amount of attorney's fees, the amount of attorney's fees will be used to offset Plaintiff's federal debt and no attorney's fees shall be paid. (ECF No. 28 at 2.)

The court **GRANTS** Plaintiff's Motion for Attorney's Fees (ECF No. 27) and awards Plaintiff $3,694.34 in attorney's fees.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 30, 2020
Columbia, South Carolina